UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROBERT L. EMMONS and
KIMBERLY EMMONS
       Plaintiffs,

v.                                                                          Docket No. 2:08-cv-02400-STA-cgc
                                                                         JURY DEMANDED

MILLER ELECTRIC
MANUFACTURING CO., INC. and
AIRGAS MID-SOUTH, INC.
       Defendants.

---

**ORDER**

---

On July 30, 2009, United States District Judge S. Thomas Anderson entered an Order Denying Plaintiffs' Motion for Voluntary Dismissal (D.E. #44). In this Order, the District Court referred the issue of whether Plaintiffs can demonstrate good cause to modify the Scheduling Order to United States Magistrate Judge Charmiane G. Claxton for determination. On July 31, 2009, this Court ordered the parties to submit supplemental briefs on the issue of whether good cause exists to modify the existing Scheduling Order (D.E. # 45). Plaintiffs filed their Response to Order to Show Cause on August 5, 2009 (D.E. # 46). Defendants Airgas – Mid South, Inc. ("Airgas") and Miller Electric Mfg. Co., Inc. ("Miller") filed their respective memoranda on August 10, 2009 (D.E. #47, 48). Based on the briefs and attachments and the record in this matter, the Court finds that no good cause exists to modify the existing Scheduling Order.

[1]The underlying action arises out of personal injuries suffered by Plaintiff Robert Emmons when he fell approximately 40 feet while at a work site of his employer, Valley View Agri Systems. (Compl. ¶¶ 11-13.) In Plaintiffs' Complaint, as filed on June 20, 2008 (D.E. # 1), the Emmons assert several causes of action including claims of strict tort liability under the Tennessee Products Liability Act, negligence, breach of warranty, and loss of consortium. (Compl. ¶¶ 19-23, 24-29, 31-32, 34-35.) Defendants filed their Answer to Plaintiffs' case on October 22, 2008 (D.E. # 12) and November 7, 2008 (D.E. # 13). A Scheduling Order was entered in this case on November 12, 2008 (D.E. # 14). Pursuant to this Scheduling Order, the following deadlines were set: May 15, 2009 for the disclosure of Plaintiffs' expert witnesses, June 19, 2009 for the disclosure of Defendants' expert witnesses, July 24, 2009 for the completion of all other discovery, and August 14, 2009 for the filing of dispositive motions. (Scheduling Order 1-2.) Additionally, a setting letter was entered on November 13, 2008, which set trial date for November 16, 2009 (D.E. # 15).

The record in this case reflects that the discovery process up to Plaintiffs' filing their Motion for Voluntary Dismissal has proceeded as follows: On December 29, 2008, Defendant Miller Electric filed its first set of interrogatories and requests for production (D.E. # 18 & 19); on March 30, 2009, Defendant Miller Electric filed its notices to take the depositions of the Plaintiffs (D.E. # 22 & 23); on March 31, 2009, Defendant Airgas filed a Motion for Entry of a Stipulated Protective Order, which this Court subsequently entered on April 1, 2009; and on June 19, 2009, Defendant Airgas and Defendant Miller Electric filed their expert disclosures (D.E. # 29 & 30). Since Plaintiffs' filing a Motion for Voluntary Dismissal, on July 7, 2009, Defendant Miller Electric has filed two more notices to take depositions. (D.E. # 37 & 38.)

---

[1] The factual background is taken from District Judge Anderson's Order Denying Motion for Voluntary Dismissal. (D.E. #44, 1 -2).

2

Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)). The record indicates that Plaintiffs have not been diligent in attempting to meet their responsibilities under the Scheduling Order. The rationale for seeking modification to the Scheduling Order is the same as the rationale for seeking voluntary dismissal – Plaintiffs' failure to secure an expert prior to the expiration of the expert disclosure deadline. (Order Denying Plaintiffs' Motion for Voluntary Dismissal, p 8; Memorandum of Plaintiffs in Support of Amending the Scheduling Order, p 6, "Plaintiff's (sic) expert disclosure deadline was May 15, 2009. Under the circumstances, it became impossible for Plaintiff to generate an appropriate Rule 26 report in that time frame."). Once again, this rationale is unavailing.

Plaintiffs have been aware of the expert disclosure deadline since November 12, 2008, the date of entry of the Scheduling Order. Moreover, it appears from the record that the Scheduling Order was agreed to by the parties and submitted to Magistrate Judge Pham for entry prior to the noticed Scheduling Conference. (D.E. #14, "The scheduling conference set for 11/13/08 is canceled.") Despite Plaintiffs' characterization of the Scheduling Order containing "an extremely rapid cascade of deadlines", there was no surprise regarding the expert deadline. Plaintiffs admit to consulting with an expert *prior* to initiation of the lawsuit. (Memorandum of Plaintiffs in Support of Amending the Scheduling Order, p 4, "Plaintiffs began consulting with Mr. Joel Martin….Consultation began before litigation was initiated.") Plaintiffs justify their failure to engage in *any* discovery by saying that it was essentially their trial strategy not to use "traditional discovery methods". (Memorandum of Plaintiffs in Support of Amending the

Scheduling Order, p 5, "Had Plaintiffs used subpoenas or written discovery tools under Rule 26, Defendants would have been immediately privy to Plaintiffs consulting expert, Plaintiffs' strategy of litigation, and the status of Plaintiffs' case.  None of that information in a typical situation would have been discoverable; nor was it to Plaintiffs' advantage to disclose any such information early in the process.")  In addition to refusing to take any discovery of their own, Plaintiffs have not responded to the defendants' written discovery.  *See* Motion to Compel filed by Miller at D.E. # 56.

Plaintiffs' stated strategy with regard to discovery in this case is contrary to the clear purpose of discovery.  "The purpose of discovery is to make relevant information available to litigants, so that disputes may be resolved with as full and accurate an understanding of the true facts as possible. Properly conducted, discovery narrows and clarifies issues in dispute, reduces the risk of surprise, and gives parties a better sense of their chances of success, and their options for settlement."  *Whited v. Motorists Mut. Ins. Co.*, 2009 WL 1406632, *3 (E.D.Mich. 2009), citing *Hickman v. Taylor,* 329 U.S. 495, 501, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). While Plaintiffs are free to pursue whatever trial strategy they desire, they are still bound by the rules of civil procedure and the Orders of the Court and are subject to the consequences of their actions.

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, the Court finds that Plaintiffs were not diligent in pursuing discovery and in adhering to the Scheduling Order.

4

Consequently, there is no need for the Court to address questions of prejudice to the parties opposing the modification.

Plaintiffs have not demonstrated good cause to modify the November 12, 2008 Scheduling Order as required by Fed. R. Civ. P. 16(b)(4).

IT IS SO ORDERED this 28th day of August, 2009.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                United States Magistrate Judge